56 F.3d 1531
 312 U.S.App.D.C. 461
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James PRICE, Appellant,
v.
Sharon Pratt KELLY, et al., Appellees.
 No. 94-7086.
 United States Court of Appeals, District of Columbia Circuit.
 May 23, 1995.
 
 Before: EDWARDS, Chief Judge, ROGERS and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case came to be heard on appeal from the United States District Court for the District of Columbia and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 We affirm the district court's dismissal for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), of appellant's claim for damages and equitable relief brought under 42 U.S.C. Sec. 1983 (1988). Given the record before us, we do not find that the Department of Correction's Service Order 5300.1B creates a liberty interest in remaining in the general prison population, a necessary predicate to appellant's claim that he was denied due process in violation of the Fifth Amendment when held in administrative segregation for several weeks at the District of Columbia Detention Facility. On its face, the Service Order lacks the indicia of District of Columbia approval required by the D.C.Code: it was not published in the D.C. Register as required to establish the legal effect of "any rule, regulation, or document," D.C.Code Ann. Sec. 1-1538(a) (1992), nor does it evince "the approval of the Council of the District of Columbia" required by D.C.Code Ann. Sec. 24-442 (1989). We do not reach the question of whether a practice or custom, embodied in a written internal directive, can create a liberty interest, see, e.g., Lanier v. Fair, 876 F.2d 243, 247-48 (1st Cir.1989) (finding that manual and program standards governing half-way house program established a protected liberty interest), as appellant has failed to introduce evidence that such practice or custom existed with regard to the Service Order. In the absence of a protected liberty interest, we need not consider whether appellees were entitled to qualified immunity or whether the appellant received due process. We decline to consider the validity of appellant's First and Eighth Amendment claims because he did not assert these claims before the district court. See Crawford-El v. Britton, 951 F.2d 1314, 1316 (D.C.Cir.1991), cert. denied, 113 S.Ct. 62 (1992).
 
 
 3
 It is therefore ORDERED and ADJUDGED by the Court that district court's judgment be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.